# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

DEREK SWEET,

    Plaintiff,

v.

JOHN TROST, *et al.*,

    Defendants.

Case No. 3:18-cv-00097-JPG-MAB

## MEMORANDUM AND ORDER

**J. PHIL GILBERT, DISTRICT JUDGE**

Magistrate Judge Mark A. Beatty has issued a Report and Recommendations ("Report") on the defendants' motion for summary judgment on the issue of exhaustion of administrative remedies. (ECF Nos. 31, 57.) The Court may accept, reject, or modify—in whole or in part—the findings or recommendations of the magistrate judge in his Report. FED. R. CIV. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

Here, following a hearing pursuant to *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008), Magistrate Judge Beatty found that Plaintiff Derek Sweet did not exhaust his administrative remedies. Specifically, Magistrate Judge Beatty instructed that (1) the record shows that Sweet received a response to his initial grievance, contrary to Sweet's assertions; and (2) by Sweet's own admissions, he acknowledged that nothing prevented him from putting his grievances in the requisite box for pickup. (ECF No. 57, pp. 7–8.) Sweet has filed an objection, so the Court has conducted a *de novo* review—but his objection rehashes his original argument and does not withstand scrutiny for all of the reasons that Magistrate Judge Beatty has articulated. (ECF No.

63.) The Court will adopt Magistrate Judge Beatty's Report in its entirety.

There is one other matter to address. Sweet has filed a motion for a free copy of the transcript from his *Pavey* hearing. (ECF No. 52.) But parties do not have a constitutional right to a complimentary copy of any document in their court files. *See United States v. Groce*, 838 F. Supp. 411, 413, 414 (E.D. Wis. 1993). Before providing copies free of charge, a district court may require the requestor to show: (1) that he has exhausted *all* other means of access to his files (*i.e.*, through his trial and appellate counsel); (2) that he is financially unable to secure access to his court files (*i.e.*, through a showing similar to that required in 28 U.S.C. § 1915(a)(2) which includes a certified copy of the prisoner's trust account for the previous six-month period prior to filing); and (3) that the documents requested are necessary for the preparation of some specific non-frivolous court action. *See United States v. Wilkinson*, 618 F.2d 1215, 1218-19 (7th Cir. 1980); *Rush v. United States*, 559 F.2d 455, 459 (7th Cir. 1977); *Groce*, 838 F. Supp. at 413–14. These minimal requirements do not impose any substantial burden to financially unable prisoners who desire their records be sent to them at government expense.

Here, Sweet did not attempt to show that he is financially unable to pay for the copies he seeks. He could have attached a certified copy of his prisoner's trust account to his motion, but he did not. The Court accordingly must deny Sweet's motion. (ECF No. 52.)

So for the foregoing reasons, the Court:

- **ADOPTS** the Report in its entirety (ECF No. 57);
- **GRANTS** the defendants' motion for summary judgment on the issue of exhaustion of administrative remedies (ECF No. 31);
- **DENIES** Sweet's motion for a copy of transcripts (ECF No. 52);
- **DISMISSES** this case **WITHOUT PREJUDICE**; and
- **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: MAY 22, 2019**

                                                      **s/ *J. Phil Gilbert***
                                                      **J. PHIL GILBERT**
                                                      **U.S. DISTRICT JUDGE**